# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Cases Nos. 1:08CR00046,47,48,49,50 |
| v. | ) **OPINION** |
| JESSICA N. LAMBERT, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this appeal from a magistrate judge's judgments in petty offense cases arising from an alcohol-fueled automobile accident that caused the death of a passenger, I find that a total sentence of twelve months imprisonment was reasonable and that the order of restitution complied with the law.

I

The defendant, Jessica N. Lambert, pleaded guilty to the following five offenses before a magistrate judge of this court: (1) failure to maintain control of a motor vehicle, 36 C.F.R. § 4.22(b)(3) (2008); (2) driving with a blood alcohol content between .02% and .08% while under age twenty-one, 36 C.F.R. § 4.2 (2008)

(incorporating Va. Code Ann. § 18.2-266.1 (Supp. 2008)); (3) possession of alcohol while under twenty-one, 36 C.F.R. § 2.35(a)(2)(ii) (2008); (4) driving without a valid driver's license, 36 C.F.R. § 4.2 (incorporating Va. Code Ann. § 46.2-300 (Supp. 2008)); and (5) possession of an open alcohol container in a motor vehicle, 36 C.F.R. § 4.14 (2008). The magistrate judge sentenced the defendant to six months imprisonment on each of the first two charges, to be served consecutively for a total of twelve months imprisonment. On each of the remaining three charges, the defendant received a sentence of two years of probation, to be served concurrently. The magistrate judge also ordered as a condition of probation that the defendant make nominal restitution payments of fifty dollars per month to the victims of her offenses.

In her appeal, the defendant argues that the total sentence of twelve months was unreasonable and that the magistrate judge erred in sentencing her to both of the charges of failing to maintain control and driving under the influence of alcohol.[1] The government appeals the amount of restitution ordered as a condition of probation.[2]

---

[1] The defendant initially appealed on all five charges, but subsequently moved to withdraw three of those appeals. That motion was granted, and the defendant's appeals on the charges of possession of alcohol under twenty-one, driving without a valid driver's license, and possession of an open container in a motor vehicle were dismissed.

[2] Although restitution was ordered as a condition of probation only as to the possession of alcohol under twenty-one and the driving without a valid driver's license offenses, the government noted appeals in all five cases.

II

The facts in this case are sad.[3] The charges against the defendant arose out of an automobile accident that occurred on the Blue Ridge Parkway, a federal roadway. Less than one week before the accident, the defendant's brother committed suicide. The day before the accident, she attended his funeral. On the night of the accident, she went for a drive with her deceased brother's former girlfriend, J.G., and another friend. Both the defendant and J.G. drank alcohol purchased by J.G. and took Xanax that J.G. had received earlier that day to treat a panic attack.

The defendant drove J.G.'s vehicle at J.G.'s request. They drove to Granite Overlook on the Blue Ridge Parkway, continued drinking, and subsequently decided to visit the deceased's grave. They traveled three miles before the accident occurred. The defendant failed to negotiate a left-hand curve, and the vehicle rolled off the road. J.G. died as a result of her injuries, the defendant sustained serious injuries, and the third passenger sustained minor injuries. An analysis conducted on blood taken from the defendant several hours after the accident showed a .04% blood alcohol content and detected Valium and Xanax in her system.

---

[3] The facts here regarding the accident are adapted from the factual summary provided by the government at the defendant's guilty plea hearing, which was included verbatim in one of the defendant's briefs on appeal.

After pleading guilty to the five charges brought against her, the defendant was released pending sentencing. One of her conditions of release was that she actively seek or maintain employment. The magistrate judge also encouraged the defendant to work towards obtaining her GED. The defendant remained unemployed and did not obtain her GED while on release. She also refused to submit to one or more required drug screens.

The magistrate judge sentenced the defendant to a total of twelve months imprisonment and two years of probation. The magistrate judge held a separate hearing on the issue of restitution to the victims of the offenses, who were identified as J.G.'s daughter and mother. The government conceded that the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C.A. § 3663A (West 2000 & Supp. 2008), did not apply. The magistrate judge found that the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C.A. § 3663 (West 2000 & Supp. 2008), also did not apply because none of the offenses with which the defendant was charged arise under title 18. *See* § 3663(a)(1)(A). The magistrate judge concluded, however, that she was authorized to order restitution as a condition of probation under 18 U.S.C.A. § 3563(b)(2) (West 2000 & Supp. 2008) for both the possession of alcohol under twenty-one charge and the driving without a valid driver's license charge.

- 4 -

Case 1:08-cr-00048-JPJ   Document 14   Filed 01/21/09   Page 4 of 14   Pageid#: 32

When evaluating whether to use her discretion to order restitution, the magistrate judge explicitly considered the amount of loss to the victims, whether the losses sustained by the victims were as a result of the offenses for which restitution would be imposed, and the financial circumstances of the defendant. After weighing these factors, the magistrate judge concluded that it would be appropriate to order restitution for the full amount of the victims' losses, which was held to be $17,430.75.[4] *See* 18 U.S.C.A. § 3664(f)(1)(A) (West 2000). But finding that the defendant would not be able to pay the full amount of restitution in the foreseeable future under any reasonable schedule of payments, the court ordered the defendant to make nominal payments in the amount of fifty dollars per month during the twenty-four months of sentenced probation. *See* § 3664(f)(3)(B).

The issues now before the court are (1) whether the defendant was permissibly convicted of both failure to maintain control of a vehicle and driving under the influence of alcohol, (2) whether the sentence of imprisonment imposed was reasonable, and (3) whether the magistrate judge's restitution order was proper. These issues have been briefed and argued and are ripe for decision.

---

[4] This figure is the sum of the damage to the vehicle, which was titled to J.G.'s mother ($11,995), funeral expenses ($3,197.75), and lost wages and other expenses incurred by J.G.'s parents in order to participate in the litigation ($2,238).

III

The defendant argues that under Virginia law, she should not have been convicted of both failure to maintain control of a vehicle and driving under the influence of alcohol under twenty-one. The defendant moves to dismiss the failure to maintain control charge, which the defense labels as a "reckless driving" charge. This argument was not raised below. In any event, since the defendant was convicted under federal regulations, the Virginia law defendant cites does not apply.

By Virginia statute, a person may not be convicted of both driving while intoxicated and reckless driving for the same conduct. Va. Code Ann. § 19.2-294.1 (2008). The text of this statute is as follows:

> Whenever any person is charged with a violation of § 18.2-266 [driving while intoxicated] or any similar ordinances of any county, city, or town and with reckless driving in violation of § 46.2-852 or any ordinance of any county, city or town incorporating § 46.2-852, growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.

Va. Code. Ann. § 19.2-294.1.

Here, however, the defendant was charged and convicted under federal regulations. The Fourth Circuit held in *United States v. Eubanks*, 435 F.2d 1261, 1262 (4th Cir. 1971), that Va. Code Ann. § 19.1-259.1, the predecessor statute to Va. Code Ann. § 19.2-294.1, did not apply where the defendant was convicted of reckless

- 6 -

driving and driving while intoxicated under federal regulations. The defendant in this case was convicted of failing to maintain control under 36 C.F.R. § 4.22(b)(3) and driving under the influence of alcohol under 36 C.F.R. § 4.2, which incorporates Va. Code Ann. § 18.2-266.1. Facing a similar situation in *United States v. Farmer*, 820 F. Supp. 259, 267 (W.D. Va. 1993), where the defendant was convicted of driving while intoxicated under a federal regulation and reckless driving under a federal regulation incorporating a Virginia statute, Judge Williams held, citing *Eubanks*, that the defendant could not rely on Va. Code Ann. § 19.2-294.1, and both convictions were upheld. *See also United States v. Koonge*, No. 99-4350, 2000 WL 655556, at *3 (4th Cir. May 19, 2000) (unpublished) (holding that Va. Code Ann. § 19.2-294.1 does not apply where the defendant is charged under "the Secretary of the Interior's regulations governing vehicles and traffic safety in parks, forests, and public property"); *compare United States v. Jones*, No. 99-4879, 2000 WL 1292674, at *1 (4th Cir. Sept. 14, 2000) (unpublished) (finding that Va. Code Ann. § 19.2-294.1 applies where the defendant is charged under the Assimilative Crimes Act, 18 U.S.C.A. § 13 (West 2000)).

- 7 -

Case 1:08-cr-00048-JPJ   Document 14   Filed 01/21/09   Page 7 of 14   Pageid#: 35

Under *Eubanks*, Va. Code Ann. § 19.2-294.1 does not apply in this case.[5] The magistrate judge's judgments sentencing the defendant for both failing to maintain control of a vehicle and driving under the influence of alcohol under twenty-one were not in error and will be affirmed.

IV

The defendant also appeals the sentences of imprisonment imposed for both failure to maintain control of a vehicle and driving under the influence of alcohol under twenty-one. Federal Rule of Criminal Procedure 58(g)(2)(D) provides, "The scope of the appeal [from a magistrate judge's order or judgment to a district judge] is the same as in an appeal to the court of appeals from a judgment entered by a district judge." A district judge should therefore affirm a sentence imposed by a magistrate judge unless it is unreasonable or resulted from a significant procedural

---

[5] Even if Va. Code Ann. § 19.2-294.1 were to apply in this case to bar a conviction of both reckless driving and driving while intoxicated, it is unclear whether failing to maintain control of a vehicle is equivalent to or incorporates reckless driving, since the federal regulation specifically provides that failure to maintain control is "less serious than reckless driving." 36 C.F.R. § 4.22(a). It is also unclear whether Va. Code Ann. § 18.2-266.1 is equivalent to Va. Code Ann. § 18.2-266 (Supp. 2008). *Compare* Va. Code Ann. § 18.2-266.1 ("It shall be unlawful for any person under the age of 21 to operate any motor vehicle after illegally consuming alcohol.") *with* Va. Code Ann. § 18.2-266 (penalizing driving while intoxicated or while under the influence of alcohol and/or drugs).

- 8 -

Case 1:08-cr-00048-JPJ   Document 14   Filed 01/21/09   Page 8 of 14   Pageid#: 36

error. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007) (describing the standard of review by a court of appeals of a sentence by a district judge).

The defendant argues that the two six-month prison sentences should have been imposed concurrently rather than consecutively, or in the alternative, that the total sentence of imprisonment should have been less than twelve months. The defendant's arguments rest solely on her sympathetic circumstances and background. It is clear, however, that the magistrate judge's sentence of imprisonment was within the bounds of her discretion. At the sentencing hearing, the magistrate judge explicitly stated that she crafted the defendant's sentence to best serve the punishment and rehabilitation[6] goals of sentencing. *See* 18 U.S.C.A. §§ 3553(a)(2)(A) & (D) (West 2000 & Supp. 2008). The defendant could have received up to six months of imprisonment for each of her five offenses. Considering all of the facts and circumstances of this case, including the fact that one of the defendant's passengers died as a result of her conduct and that the defendant violated conditions of her pre-

---

[6] The defendant appears to have a substance abuse problem and was uncooperative and at times noncompliant during the period of her pre-sentence supervision. The magistrate judge noted that she hoped that the defendant would rid herself of controlled substances and perhaps also take advantage of the opportunity to earn her GED while in prison. The sentence of probation imposed for the defendant's other three offenses includes a special condition that the defendant spend six months in a halfway house, which is also designed to help rehabilitate the defendant.

sentence supervised release, the two consecutive six-month sentences that the defendant appeals are not unreasonable.

V

The government appeals the magistrate judge's order of restitution, which was imposed as a condition of probation for the offenses of possession of alcohol under twenty-one and driving without a valid driver's license. The defendant argues that the government does not have authority to bring this appeal, so before addressing the merits of the government's position, I must consider whether the government has statutory authority to appeal a magistrate judge's sentence in a petty offense case.

A

Under Federal Rule of Criminal Procedure 58(g)(2)(B), "A defendant may appeal a magistrate judge's judgment of conviction or sentence [in a petty offense case] to a district judge within 10 days of its entry." The rule does not explicitly permit the government to take such an appeal. *Compare* Fed. R. Crim. P. 58(g)(2)(A) (stating explicitly that "[e]ither party" may bring an interlocutory appeal to a district court from a magistrate judge's order if a district judge's order could similarly be appealed); *see also United States v. Hazelton*, 279 F. Supp. 2d 710, 713 (E.D. Va. 2003) ("Under Rule 58(g)(2)(B) only a defendant may appeal a magistrate judge's

- 10 -

judgment of conviction or sentence."). But neither does the language of Rule 58(g)(2)(B) explicitly prohibit the government from bringing such an appeal.

The government has statutory authority under 18 U.S.C.A. §§ 3742(h) and 3742(b)(1) (West 2000 & Supp. 2008) to bring this appeal. Section 3742(h) specifies that "[a]n appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section [§ 3742] shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court." Section 3742(b)(1) provides that "[t]he Government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law."

The government argues that the magistrate judge's order to make nominal restitution payments during probation was imposed in violation of law in that restitution should have been ordered for the full amount of the victims' losses. Since the government would have been able to appeal the restitution order from a district court to a court of appeals under § 3742(b)(1), it may bring this appeal from the magistrate judge to the district court under § 3742(h).

B

The magistrate judge ordered the defendant to pay restitution as a condition of probation under 18 U.S.C.A. § 3563(b)(2) for the offenses of possession of alcohol

under twenty-one and driving without a valid driver's license. The magistrate judge found the total loss to the victims to be $17,430.75, but concluded that "the defendant's economic circumstances do not allow the payment of any amount of the restitution ordered and do not allow for full payment in the for[e]seeable future under any reasonable schedule." (Am. J. Nov. 25, 2008, at 2.) Therefore, the magistrate judge ordered the defendant to make nominal payments of fifty dollars per month during the two years that she is on probation, for a total of $1200 in restitution payments.

The government argues that the magistrate judge should have ordered restitution to be paid in the full amount of loss. Since the defendant would not be able to pay $17,430.75 within the two years of sentenced probation, the government argues that probation should be extended indefinitely until the defendant has met her full obligation.

The government has failed to recognize that the maximum sentence of probation for misdemeanors is five years. 18 U.S.C.A. § 3561(c)(2) (West 2000); *see also* 18 U.S.C.A. § 3564(b) (West 2000) (requiring sentences of probation to run concurrently). A sentence of probation can be extended only if less than the maximum was previously imposed. 18 U.S.C.A. § 3564(d) (West 2000).

Also, when setting the length of a sentence of probation, the court must consider the factors set forth in 18 U.S.C.A. § 3553(a). *See* 18 U.S.C.A. § 3562(a) (West 2000) (referring courts to § 3553(a)). One factor that the court must consider is "the need to provide restitution to any victims of the offense." § 3553(a)(7). However, this is only one of many factors. The court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). It was within the magistrate judge's discretion to sentence the defendant to two years of probation rather than the maximum sentence of five years.

Once the magistrate judge decided to order restitution, the amount of restitution would normally have to be ordered "to each victim in the full amount of each victim's losses." 18 U.S.C.A. § 3664(f)(1)(A).[7] However,

> A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

§ 3664(f)(3)(B).

---

[7] Restitution ordered as a condition of probation must comply with the procedures set out in 18 U.S.C.A. § 3664 (West 2000 & Supp. 2008). *See* § 3563(b)(2) (referring to 18 U.S.C.A. § 3556 (West 2000), which refers to § 3664).

The magistrate judge complied with § 3664. She explicitly found that "the defendant's economic circumstances do not allow the payment of any amount of the restitution ordered and do not allow for full payment in the for[e]seeable future under any reasonable schedule." (Am. J. Nov. 25, 2008, at 2.) The magistrate judge therefore acted within her discretion and authority in ordering only nominal payments.

VI

For the foregoing reasons, the judgments of the magistrate judge will be affirmed.

ENTER: January 21, 2009

/s/ JAMES P. JONES
Chief United States District Judge